IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  1:03cr11/MW/GRJ
1:16cv224/MW/GRJ

MARK ALLEN CRAIG,

    Petitioner.

---

# **REPORT AND RECOMMENDATION**

This case is before the court upon the Motion to Correct Sentence Under 28 U.S.C. § 2255 and a Memorandum in Support thereof filed by Petitioner Mark Allen Craig, who contends he is entitled to sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF Nos. 35, 36.) The Government responded in opposition (ECF No. 38), to which Petitioner did not reply. After a careful review of the record and the arguments presented, the Court concludes that Petitioner's motion should be denied.

## BACKGROUND and ANALYSIS

On February 25, 2003, a grand jury charged Petitioner with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g) and 924(e) ("Count One") and Sale of a Stolen Firearm in violation of 18 U.S.C. § 922(j) and 924(a)(s) ("Count Two").  (ECF No. 1.) Petitioner pleaded guilty to Count One on May 2, 2003 (ECF No. 15) and the court ordered a Presentence Investigation Report ("PSR").  Count Two was later dismissed.

The PSR (ECF No. 33) reflects that Petitioner was subject to an enhanced sentence pursuant to 18 U.S.C. § 924(e) and Chapter Four of the Sentencing Guidelines.  (PSR ¶ 24.)  The Armed Career Criminal Act provides for an enhanced sentence if a defendant has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  § 18 U.S.C. § 924(e).  The predicate offenses were not enumerated in the paragraph applying the enhancement.  After a three-level adjustment for acceptance of responsibility, Petitioner's offense level was 30.  Petitioner had a robust criminal history, including three convictions for burglary and three for armed

robbery, and a total of 26 criminal history points. (PSR ¶¶ 28, 29, 31, 34, 36, 37, 46-49.) The applicable guidelines range of 168 to 210 months became 180 to 210 months due to the application of ACCA's statutory mandatory minimum. (PSR ¶¶ 79-80.) Neither party filed objections, and on October 28, 2003, the court sentenced Petitioner to a term of 189 months' imprisonment. (ECF Nos. 23, 24.) He did not appeal.

Petitioner filed a § 2255 motion in October of 2004. The motion was denied in May of 2005, without response from the Government. (ECF Nos. 27, 30-32.)

In 2016, Petitioner sought leave from the Eleventh Circuit to file a second or successive § 2255 motion to challenge the ACCA sentencing enhancement in his case. Petitioner claims that after *Johnson*, he no longer has three predicate violent felony offenses necessary to support the enhancement. (ECF No. 34.)

The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use

of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). In *Johnson*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. *Johnson* has spawned significant litigation from inmates hoping for sentencing relief.

The Eleventh Circuit granted Petitioner leave to proceed with the second or successive § 2255 motion. In so doing, however, the court noted that it is not enough for a federal prisoner to identify *Johnson* as the basis for the claim(s) he seeks to raise in the second or successive § 2255; the prisoner must also show that the claims fall within the scope of the new substantive rule announced in *Johnson*. (ECF No. 34 at 4.) The court concluded that Petitioner had made a *prima facie* showing that he was entitled to relief, although it was unclear which convictions or which clause of the ACCA the district court relied upon. Notably, the Eleventh Circuit emphasized that its threshold determination was neither dispositive nor

Case Nos.: 1:03cr11/MW/GRJ; 1:16cv224/MW/GRJ

subject to deference, and the district court remained obligated to conduct a *de novo* review to ensure that the § 2255(h) requirements are met.[1] (ECF No. 34 at 5.)

In the instant motion, Petitioner argues that after the Supreme Court's invalidation of ACCA's residual clause, he does not have three predicate offenses to support an enhanced sentence. He argues that his three burglary offenses are not violent felonies under *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), and that Eleventh Circuit precedent suggesting that his three prior robbery convictions are violent felonies under the ACCA is wrongly decided. (ECF No. 36 at 4-5.)

The Government maintains that Petitioner's motion does not fall within the scope of the new rule announced in *Johnson*, and therefore he is not entitled to merits review of his claim. The Government argues that Petitioner cannot meet his burden of showing *Johnson* is applicable to his case because the record is silent as to which clauses and convictions were

---

[1] Title 28 U.S.C. § 2255(h)(2) provides that a second or successive motion must be certified by a panel of the appropriate court of appeals to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Case Nos.: 1:03cr11/MW/GRJ; 1:16cv224/MW/GRJ

used to support the enhancement.    (ECF No. 38, citing *In re Moore*, 830 F. 3d 1268 (11th Cir. 2016))

After the parties filed their briefs in this case, the Eleventh Circuit held *en banc* that a defendant moving for relief under *Johnson* must show that his sentence enhancement "turn[ed] on the validity of the residual clause." *Beeman v. United States*, 871 F. 3d 1215, 1221 (11th Cir. 2017).   That is, there is no *Johnson* violation unless the defendant would not have been sentenced as an armed career criminal absent the existence of the residual clause.   *Id.*   The *Beeman* court explained the only two scenarios in which that could occur.   First, the sentencing court must have "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause" to classify a prior conviction as a violent felony.   *Id.*   Second, there "were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense."   *Id.*   The court stated that it is incumbent upon the moving party to show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence.   *Id*. at 1222.   If it is just as likely

Case Nos.: 1:03cr11/MW/GRJ; 1:16cv224/MW/GRJ

Page **7** of **10**

that the sentencing court relied on the elements or enumerated offenses clause, whether solely or as an alternative basis for the enhancement, the movant has failed to meet his burden.  *Id*.   The court rejected petitioner Beeman's argument in favor of a rule that a *Johnson* movant has met his burden "unless the record affirmatively shows that the district court relied upon the ACCA's elements clause."  *Id.* at 1223.   The court stated "Where, as here, the evidences does not clearly explain what happened . . . the party with the burden loses."  *Id*. at 1225 (quoting *Romine v. Head*, 253 F. 3d 1349, 1357 (11th Cir. 2001)).   *Beeman* directs the outcome of Petitioner's case.

Because Petitioner did not appeal, this court does not have the benefit of being able to review the sentencing transcript.   As noted above, however, the PSR does not identify which convictions formed the basis of the ACCA enhancement, much less the ACCA clause under which they were considered.   (ECF No. 33, PSR ¶ 24.)   Therefore, Petitioner has not shown that his sentence was imposed pursuant to the residual clause of the ACCA, and he thus is not entitled to bring a second or successive § 2255 motion.   *Beeman*, *supra*; *see also Perez v. United States*, 730 F.

App'x 804, 810-811 (11th Cir. 2018) (rejecting defendant's challenge to *Beeman*, and holding that failure to show that sentence was imposed pursuant to ACCA's residual clause barred second or successive motion).

Alternatively, even if *Beeman* were overturned and this court was to review Petitioner's claim on the merits, it would fail. The Supreme Court has recently confirmed that robbery under Florida law is a "violent felony" under the ACCA. *Stokeling v. United States*, 139 S. Ct. 544 (2019). Petitioner has three Florida robbery convictions, and these convictions alone are sufficient to support the application of the ACCA enhancement.

## CONCLUSION

Petitioner has not shown that *Johnson* had any impact on his case, and therefore, he is not entitled to proceed on his second or successive § 2255 motion. Alternatively, his motion is without merit because even after *Johnson*, he has the requisite predicate convictions to support the application of the ACCA enhancement.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of

Case Nos.: 1:03cr11/MW/GRJ; 1:16cv224/MW/GRJ

appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:   "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

Case Nos.: 1:03cr11/MW/GRJ; 1:16cv224/MW/GRJ

1. Petitioner's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF No. 35), should be **DISMISSED** as second or successive. Alternatively, the motion should be **DENIED.**

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 7th day of February, 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 1:03cr11/MW/GRJ; 1:16cv224/MW/GRJ